Springer, C. J.,
dissenting:
Today the court adopts a new “doctrine” of criminal liability in cases in which an aider and abettor is charged with attempted murder. The court “hold[s] that a conviction for attempted murder will stand even if the defendant did not have the specific intent to kill, provided the attempted murder was the natural and probable consequence of the aider and abettor’s target crime.”
I have no quarrel with the new doctrine; what disturbs me about the majority’s affirming Mitchell’s attempted murder conviction is that Mitchell did not know at the time of his trial that this court was going to adopt the new doctrine; and, even more importantly, the jury did not know about the doctrine either.
The majority holds Mitchell responsible for requesting that the district court give a “natural and probable consequences” instruction, even though this was not the law at the time. Because Mitchell did not object to the instructions as given, the majority refuses to “review . . . [the instruction] on appeal.” I do not think that it is fair to require Mitchell to have offered this new doctrine in the form of an instruction before it was the law of this state.